Filed 2/10/25  P. v. Wilkerson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B334616 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA104954) |
| v. | |
| MARQUIS ANTHONY WILKERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Tony Cho, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Deepti Vaadyala, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) held that Penal Code section 1385, subdivision (a) permits a trial court "to strike prior felony conviction allegations in cases brought under the Three Strikes law." (*Romero,* at pp. 529-530.) Defendant and appellant Marquis Anthony Wilkerson, who admitted two prior strike convictions, was sentenced as a third strike offender. He appeals from the judgment of conviction, contending the trial court abused its discretion in declining to strike one of his prior convictions. We find no abuse of discretion and therefore affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2023, defendant was convicted by jury of 10 felonies arising from a series of assaults he committed against his former girlfriend and her brother, among them attempted voluntary manslaughter (Pen. Code, §§ 192, 664), assault with a semiautomatic firearm (§ 245, subd. (b)), kidnapping (§ 207, subd. (a)), domestic violence causing injury (§ 273.5, subd. (a)) and making criminal threats (§ 422, subd. (a)). Both victims sustained serious injuries in the attacks, including broken bones and gunshot wounds. The jury found true personal firearm use allegations, infliction of great bodily injury allegations, and allegations that several of the offenses involved a high degree of cruelty, viciousness and callousness.

In a bifurcated proceeding before the court, defendant admitted two prior strike convictions, a 2013 first degree burglary conviction and a 2021 robbery conviction. Defendant filed a *Romero* motion, asking the court to strike his 2013 burglary conviction. The court denied the motion, explaining that defendant's convictions were "numerous," and he had continued to commit multiple offenses since that 2013 conviction.

The court imposed a third strike sentence pursuant to Penal Code section 667, subdivisions (b) through (i) and section 1170.12,

subdivisions (a) through (e).  Defendant was sentenced to an aggregate state prison sentence of 75 years to life, plus 50 years, four months.

This appeal followed.  We grant the People's request to take judicial notice of records from the superior court pertaining to defendant's prior conviction in 2013.  While there was an apparent error in the probation report, the parties agree (as reflected in the court records submitted for judicial notice) that the 2013 strike was for residential burglary.

## DISCUSSION

Defendant's sole contention on appeal is that the trial court abused its discretion in declining to strike his 2013 prior conviction for first degree burglary.  He says the conviction was remote in time, he was only 19 when he committed the burglary, and he was suffering from substance abuse issues.  Defendant argues that a second strike sentence would still have provided lengthy punishment, and the sentence imposed by the court was excessive and "serves no rational purpose."

Trial courts are vested with the discretion to strike prior felony convictions in accordance with Penal Code section 1385 and the interests of justice.  (*Romero*, *supra*, 13 Cal.4th at pp. 529-531.) *Romero* instructs that the statutory phrase " 'in furtherance of justice' " requires a sentencing court to consider both " ' "the constitutional rights of the defendant, and the interests of society represented by the People." ' " (*Id*. at p. 530, italics omitted.) *People v. Williams* (1998) 17 Cal.4th 148, 161 describes the inquiry generally as follows:  The sentencing court "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in

3

part."  We review the trial court's ruling under the deferential abuse of discretion standard.  (*Romero*, at p. 530.)

In ruling on defendant's motion, the trial court acknowledged defendant committed the 2013 strike 10 years before he committed the multiple violent and vicious crimes in this case.  But, as the court also aptly noted, defendant's criminal record was lengthy and uninterrupted, with the current charges involving serious and violent conduct against two separate victims.  Defendant suffered two juvenile adjudications in 2010 and 2011.  His first adult conviction (vehicle theft) occurred in 2012.  While still on probation for that offense, defendant was convicted of drug possession in April 2013.  Two months later, defendant suffered his first strike conviction (first degree burglary) for which he was sentenced to five years in prison.  Defendant was paroled in October 2015.  In 2017, he was convicted of robbery for which he served 333 days in jail and was placed on three years' probation.  While still on probation, defendant was convicted for carrying a concealed weapon.  In 2021, defendant was convicted of his second strike for robbery.  The present charges arose from incidents that began in July 2021 and carried over into March 2022.  While the present charges were pending, defendant was charged with bringing contraband into a custodial facility.

Our Supreme Court has said that "the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so.  In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper."  (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)  A trial court ordinarily will be found to have abused its discretion in declining to strike a prior strike conviction where the court was not aware of its discretion to do so,

or it considered impermissible factors in denying the request. (*Ibid*.)

There is nothing in the record to suggest the court considered impermissible factors or was unaware of the scope of its statutory authority in ruling on defendant's motion. Moreover, plainly, defendant may not be deemed outside the spirit of the three strikes law sentencing scheme either in whole or in part.

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.



VIRAMONTES, J.